In the Matter of the Claim of ANDREW C. LONGSHORE, Respondent, against UNITED SEAMEN'S SERVICE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision and award granting compensation to claimant for accidental injuries in the nature of an activation of an underlying inactive tuberculosis. Claimant worked as an overseas representative of the employer in Bristol, England, from December 1, 1943, to June 15, 1945, and in LeHarve, France, from the latter date until the autumn of 1946. There is proof in the record that during his overseas employment claimant had contact with a coworker who had tuberculosis. A physician's report shows that claimant's long hours of work and his contact with the tubercular fellow-employee caused his disease. However, in its memorandum of decision, the Workmen's Compensation Board stated that claimant's tuberculosis was not caused by his contact with a coworker having the disease and, in its findings, the board declared that claimant's long hours of work caused an activation of an underlying inactive tuberculosis. There is no substantial evidence that claimant had tuberculosis prior to his employment. The only basis of the board's finding is a physician's opinion that " it is entirely possible that a latent infection was present beforehand ". This is insufficient upon which to base the finding and the award should be reversed and the matter remitted for further consideration. Appellants claim that the board had no jurisdiction to make the award as there was no New York employment. We do not agree. The hiring was in New York, the office of the employer was in New York, the employer paid claimant's return transportation to New York, his overseas work was transitory, and claimant was paid his living expenses while abroad. There is enough evidence to justify the finding that this was a New York employment. (*Matter of Lewis* v. *Knappen Tippetts Abbett Eng. Co.*, 304 N. Y. 461.) Decision and award reversed, with costs to the appellants against the Workmen's Compensation Board, and the matter remitted. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.